UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

LORI SIMON,

    Plaintiff,                                         DEMAND FOR JURY TRIAL

-vs-                                                  Case No.
                                                        Hon.

JPMORGAN CHASE BANK, NA,

    Defendant.

## COMPLAINT & JURY DEMAND

### Introduction

1. LORI SIMON brings this action to secure redress for unlawful and unauthorized electronic fund transfers, in violation of the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq*. ("EFTA").

### Jurisdiction

2. This Court has jurisdiction under 15 U.S.C. §1693m and 28 U.S.C. §§1331 and 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

4. The Plaintiff to this lawsuit resides in Brighton, Michigan in Livingston County.

5. J P Morgan Chase Bank, NA is an entity doing business in Michigan.

## Venue

6. The transactions and occurrences which give rise to this action occurred in Livingston County.

7. Venue is proper in the U.S. District Court, Eastern District of Michigan.

## Facts

8. On or about June 27, 2014, JP MORGAN CHASE BANK, NA, presented an electronic funds transfer against LORI SIMON's account at JPMorgan Chase Bank, NA, for $51,526.00. ("unauthorized transfer")

9. The account was maintained for personal, family or household purposes.

10. LORI SIMON had not authorized J P MORGAN CHASE BANK, NA to make any such transfer.

11. JPMORGAN CHASE BANK, NA had no right to initiate any such transfer.

12. The Plaintiff disputed the unauthorized transfer in writing within 60 days of the date the unauthorized transfer appeared on her bank statement.

13. Defendant failed to comply with the EFTA in regard to Plaintiff's unauthorized transfer.

14. The unauthorized transfer was not a bona fide error.

15. The failure to comply with the EFTA in regard to the Plaintiff's dispute was not a bona fide error.

16. Plaintiff has suffered damages in the amount of $51,526.00.

## **COUNT I – ELECTRONIC FUNDS TRANSFER ACT**

17. LORI SIMON incorporates the preceeding allegations as if set forth herein.

18. The EFTA defines, at 15 U.S.C. §1693a(6) and (9), an "electronic fund transfer" as "any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account".

19. J P MORGAN CHASE BANK, NA engaged in an unauthorized electronic fund transfer with respect to LORI SIMON.

20. The EFTA, 15 U.S.C. §1693m, provides:

> § 1693m.  Civil liability
>
> (a) Individual or class action for damages; amount of award.  Except as otherwise provided by this section and section 910 [15 U.S.C. § 1693h], any person who fails to comply with any provision of this title [15 U.S.C. §§ 1693 *et seq.]* with respect to any consumer, except for an error resolved in accordance with section 908 [15 USC § 1693f], is liable to such consumer in an amount equal to the sum of--
>
>> (1) any actual damage sustained by such consumer as a result of such failure;
>>
>> (2)  (A) in the case of an individual action, an amount not less than $ 100 nor greater than $ 1,000; or
>>
>>   (B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $ 500,000 or 1 per centum of the net worth of the defendant; and
>>
>> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

(b) Factors determining amount of award.  In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors–

> (1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional; or

> (2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional.

(c) Unintentional violations; bona fide error.  Except as provided in section 910 [15 U.S.C. § 1693h], a person may not be held liable in any action brought under this section for a violation of this title [15 USC §§ 1693 et seq.] if the person shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

(d) Good faith compliance with rule, regulation, or interpretation of Board or approval of duly authorized official or employee of Federal Reserve System.  No provision of this section or section 916 [15 U.S.C. § 1693n] imposing any liability shall apply to--

> (1) any act done or omitted in good faith in conformity with any rule, regulation, or interpretation thereof by the Board or in conformity with any interpretation or approval by an official or employee of the Federal Reserve System duly authorized by the Board to issue such interpretations or approvals under such procedures as the Board may prescribe therefor; or

> (2) any failure to make disclosure in proper form if a financial institution utilized an appropriate model clause issued by the Board,

> notwithstanding that after such act, omission, or failure has occurred, such rule, regulation, approval, or model clause is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

(e) Notification to consumer prior to action; adjustment of consumer's account.  A person has no liability under this section for any failure to comply with any requirement under this title [15 USC §§ 1693 et seq.] if, prior to the institution of an action under this section, the person notifies the consumer concerned of the failure,

> complies with the requirements of this title [15 USC §§ 1693 et seq.], and makes an appropriate adjustment to the consumer's account and pays actual damages or, where applicable, damages in accordance with section 910 [15 USC § 1693h].
>
> (f) Action in bad faith or for harassment; attorney's fees.  On a finding by the court that an unsuccessful action under this section was brought in bad faith or for purposes of harassment, the court shall award to the defendant attorney's fees reasonable in relation to the work expended and costs.
>
> (g) Jurisdiction of courts; time for maintenance of action.  Without regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

21. Plaintiff has suffered damages in the amount of $51,526.00.

## COUNT I -- Statutory Conversion

22. Plaintiff incorporates the preceding allegations by reference.

23. The acts and omissions described herein constitute a willful or intentional conversion under MCL § 600.2919a entitling Plaintiff to recover treble the value of the money or property converted.

## COUNT II -- Common Law Conversion

24. Plaintiff incorporates the preceding allegations by reference.

25. The acts and omissions described herein constitute a conversion at common law entitling Plaintiff to recover the value of the money or property converted.

## Demand for Jury Trial

26. LORI SIMON demands trial by jury in this action.

**Demand For Judgment for Relief**

*ACCORDINGLY, LORI SIMON requests that this Court:*

a. *Award actual damages.*

b. *Award statutory damages.*

c. *Award statutory costs and attorney fees.*

        Respectfully Submitted,

        ADAM G. TAUB & ASSOCIATES
        CONSUMER LAW GROUP, PLC

        By:    s/ Adam G. Taub
                  Adam G. Taub (P48703)
                  Attorney for Lori Simon
                  17200 West 10 Mile Rd. Suite 200
                  Southfield, MI 48075
                  Phone:  (248) 746-3790
                  Email:   adamgtaub@clgplc.net

Dated:  January 20, 2015